## HENRY PEARL vs. DILSEY PEARL & FREDERICK PEARL.

### April Term, 1873.

CO-PURCHASERS—LIEN ON LAND.—Partners in the purchase of land have an equity against each other for the purpose of producing equality, which fastens itself upon the land, and of which neither can be deprived by the other, or by a creditor of the other, or a purchaser from him.

*C. D. Berry*, for complainant.
*J. D. Park*, for defendants.

THE CHANCELLOR.—The bill alleges that complainant and defendants bought a house and lot in Nashville in common, and the conveyance was made to them jointly, but that they paid for the same in unequal proportions, complainant paying much the largest share; that complainant and Frederick afterwards conveyed the property to defendant Dilsey, who is their mother, for her life, and no relief is sought against her. The object of the bill is to compel the defendant Frederick to refund to complainant his proportion of the purchase-money, or to have a decree in favor of complainant, against Frederick for the amount of the purchase-money paid by complainant over his share, with interest, and to have a lien declared in favor of complainant on Frederick's interest in the land, and said interest subjected to the satisfaction of complainant's debt. The complainant suggests some alternative propositions, which need not be noticed, although they have probably led to the demurrers which have been filed by the defendants. These demurrers are to the whole bill, and if they cannot be sustained as to any part of the relief sought, must, of course, be overruled.

It has long been the settled law of this state, sustained by an unbroken series of decisions, that partners in the purchase of lands have an equity against each other for the purpose of producing equality among themselves, and this equity fastens itself, and is a lien upon their respective interests in

the lands bought and held in common, of which neither can be deprived by the other, or by a creditor of such other, or a purchaser from him with notice. *Sweat* v. *Henson*, 5 Hum. 49 ; *Gee* v. *Gee*, 2 Sneed, 395 ; *Williams* v. *Love*, 2 Head, 80 ; *Withers* v. *Pemberton*, 3. Cold. 62.

These decisions are conclusive upon this court, not only by their authority as adjudications of our own supreme court, but by the principle of equity which underlies them, and which appeals with irresistible power equally to our reason and our sense of justice. Let the demurrer be overruled, with costs.